IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

TAMMY PENNINGTON,

    Plaintiff,

v.                                            CIVIL ACTION NO. 1:21-00070

MERCER COUNTY COMMISSION,
et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

On May 4, 2021, the court entered an order requiring plaintiff to demonstrate good cause for failure to serve process on defendants within 90 days, as required by Federal Rule of Civil Procedure 4(m). (ECF No. 5.) On May 18, 2021, plaintiff responded to the court's order. (ECF No. 11.) Plaintiff states that she has now (belatedly) served all defendants (save "Doe" defendants) and asks the court to find that good cause exists to deem the belated service proper and to let the case proceed.[1] Plaintiff does not request that the court exercise its discretion to enlarge the time for service in the absence of good cause.

---

[1] Plaintiff effected service on defendants on May 12, 2021, (see ECF No. 10), which was more than 90 days after she filed her complaint.

A plaintiff must complete service of process within 90 days of the filing the complaint. Fed. R. Civ. P. 4(m). If a plaintiff has not completed service within 90 days, the court must determine whether the plaintiff has shown good cause for failing to effect timely service. Id. The Fourth Circuit has explained that "good cause" in the context of Rule 4(m) "requires some showing of diligence on the part of the plaintiffs . . . [and] generally exists when the failure of service is due to external factors, such as the defendant's intentional evasion of service." Attkisson v. Holder, 925 F.3d 606, 627 (4th Cir. 2019). A "plaintiff bears the burden . . . of demonstrating good cause for any delay." Iskander v. Baltimore Cty., Md., 2011 WL 4632504, at *1 (D. Md. Oct. 3, 2011).

Courts often look to several factors to guide their determination of whether a plaintiff has shown good cause, which "include whether: (1) the delay in service was outside the plaintiff's control, (2) the defendant was evasive, (3) the plaintiff acted diligently or made reasonable efforts, (4) the plaintiff is pro se or in forma pauperis, (5) the defendant will be prejudiced, or (6) the plaintiff asked for an extension of time under Rule 6(b)(1)(A)." Scott v. Maryland State Dep't of Labor, 673 F. App'x 299, 306 (4th Cir. 2016) (citations omitted). "What constitutes 'good cause' for purposes of Rule

2

4(m) 'necessarily is determined on a case-by-case basis within the discretion of the district court.'" Collins v. Thornton, 782 F. App'x 264, 267 (4th Cir. 2019) (quoting Scott, 673 F. App'x at 306 (4th Cir. 2016)).

Here, plaintiff did not complete service within 90 days of filing her complaint. Her counsel intentionally delayed service to accommodate his busy schedule. Her counsel expected to receive motions in response to the complaint, and it was an inconvenient time to respond to those anticipated motions. That is not good cause.

Good cause is a flexible concept that "requires courts to consider all relevant facts and circumstances." Robinson v. G D C, Inc., 193 F. Supp. 3d 577, 580 (E.D. Va. 2016). Nevertheless, inherent in the concept of good cause is "some showing of diligence." Attkisson, 925 F.3d 606, 627 (4th Cir. 2019), as amended (June 10, 2019); see also Collins v. Thornton, 782 F. App'x 264, 267 (4th Cir. 2019) ("The district court properly reached its conclusion that no good cause was present by considering and analyzing appropriate factors before it bearing on whether Collins's counsel was diligent in his effort to effect service."). The conscious decision to delay service for reasons of attorney convenience is the opposite of diligence. This is especially so here, where the convenience is based on the speculation that defendants would not respond by

filing answers, but by filing motions. Because the explanation for plaintiff's failure to effect timely service precludes a showing of diligence, there is no good cause.

Under Rule 4(m), "even if there is no good cause shown . . . [district] courts have been accorded discretion to enlarge" the period for service. Henderson v. United States, 517 U.S. 654, 662 (1996) (quoting Advisory Committee's Notes); see, e.g., Escalante v. Tobar Constr., Inc., 2019 WL 109369, at *3 (D. Md. Jan. 3, 2019).[2] Although plaintiff has not expressly asked the court to exercise its discretion to enlarge the time period for service, the court will nevertheless consider whether it should do so.

Federal courts have identified several non-exhaustive factors that guide the discretionary decision of whether to enlarge the service period. Such factors include "(i) the possibility of prejudice to the defendant, (ii) the length of

---

[2] After the Supreme Court's decision in Henderson, the Fourth Circuit recognized that district courts have discretion to "extend[] the time for proper service of process," even absent good cause. Scruggs v. Spartanburg Reg'l Med. Ctr., 1999 WL 957698, *2 (4th Cir. 1999). This reading comports with the plain language of the 2015 revision to Rule 4(m), which states that a court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m) (emphasis added); see Robinson, 193 F. Supp. 3d at 583; see also, e.g., United States v. Woods, 571 U.S. 31, 45 (2013) (recognizing that the word "or" "is almost always disjunctive" and thus the "words it connects are to 'be given separate meanings'").

4

the delay and its impact on the proceedings, (iii) the reason(s) for the delay and whether the delay was within the plaintiff's control, (iv) whether the plaintiff sought an extension before the deadline, (v) the plaintiff's good faith, (vi) the plaintiff's pro se status, (vii) any prejudice to the plaintiff, such as by operation of statutes of limitation that may bar refiling, and (viii) whether time has previously been extended." Robinson, 193 F. Supp. 3d at 580 (citing Kurka v. Iowa Cty., 628 F.3d 953, 959 (8th Cir. 2010); Newby v. Enron, 284 F. App'x. 146, 149-51 (5th Cir. 2008); Carter v. Keystone, 278 F. App'x. 141, 142 (3d Cir. 2008); Melton v. Wiley, 262 F. App'x 921, 924 (11th Cir. 2008); Wright & Miller, Federal Practice & Procedure § 1137 (2015)).  Consideration of these factors is not mandatory.  Collins, 782 F. App'x at 267.  The court will address these factors in turn.

First, it does not appear that defendants would be prejudiced by an extension of time.  Second, the length of delay would not be excessive; the 90-day period for timely service has only recently passed.  Third, the delay lies squarely within plaintiff's control and was the fault of plaintiff.  Fourth, plaintiff failed to seek an extension before the deadline. Fifth, it is questionable whether plaintiff acted in good faith.[3]

---

[3] See Stapleton v. Vicente, 2021 WL 1234636, at *4 (E.D. Ky. Mar. 31, 2021) ("Fifth, while the Stapletons may have made a good

Sixth, plaintiff is not acting pro se.  Seventh, plaintiff has made no argument that a dismissal here would bar refiling of the action.  And eighth, this is the first extension of time requested.

The first, second, and eighth factors stand in favor of granting an extension of time for service, while the third, fourth, and sixth factors support dismissal.  The fifth and seventh factors are unclear.  The third factor, however, is especially concerning here.  As discussed above, the delay was intentional.  Although plaintiff offers a reason for the intentional delay, the reason is not a good one.  The court is not inclined to exercise its discretion to expand the time for service in these circumstances.

For the reasons discussed above, this case is **DISMISSED** without prejudice.

---

faith effort to perfect service after the Rule 4(m) service deadline had passed, like Hatton, 'it does not appear counsel made a good faith effort to ensure that the service would be made within the ninety-day period outlined in Rule 4(m).  As a result, the fifth factor weighs in favor of dismissal in this action.'") (quoting Hatton v. Nationwide Mutual Ins. Co., 2019 WL 3219149, at *5 (E.D. Ky. July 17, 2019)).  But see Robinson, 193 F. Supp. at 580-81 (existence of good faith despite failure to attempt service within 90-day window when Rule 4(m) timeframe had recently been reduced from 120 days to 90 days).

The Clerk is directed to send a copy of this Memorandum Opinion and Order to counsel of record.

**IT IS SO ORDERED** this 27th day of May, 2021.

                ENTER:

                *David A. Faber* (signature)
                David A. Faber
                Senior United States District Judge